UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

DERRICK SWAIN,
a citizen and resident of Mississippi,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Plaintiff, DERRICK SWAIN, by and through undersigned counsel, responds to Defendant's Motion to Dismiss Plaintiff's Complaint (DE 11), which despite its title is merely a motion to strike a single allegation within Count I and to dismiss Count II. Defendant is not seeking to dismiss Count I in its entirety or the Complaint in its entirety.

On June 10, 2022, Plaintiff Mr. SWAIN sustained serious injuries on CARNIVAL's cruise ship, the ECSTACY, when a group of approximately four unidentified males who were fellow passengers initiated a verbal altercation in the onboard cafeteria, threatening violence first with Mr. SWAIN's companion and then with Mr. SWAIN. After a few minutes, the group physically assaulted Mr. SWAIN. The verbal altercation lasted for a few minutes, and was loud and persistent enough that it drew the attention of fellow passengers and of nearby CARNIVAL crew members and security guards in the cafeteria, both in the area where the Mr. SWAIN, his companion and the unidentified passengers were arguing, and at nearby food stations and areas, who observed the verbal altercation but failed timely to intervene or to summon additional CARNIVAL personnel

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

to intervene or otherwise intercede before the verbal confrontation escalated into a physical attack. Mr. SWAIN's Complaint, (D.E. 1), describes the nature of the dangerous condition on the vessel where Mr. SWAIN was assaulted, sets forth allegations of actual and/or constructive notice of the danger, and includes counts against CARNIVAL under theories of direct liability (Count I) and for vicarious liability (Count II) for the negligent failure of CARNIVAL and its crewmembers to provide reasonably safe security and supervision at the time and place where Mr. SWAIN was assaulted.

### Allegation Regarding Lack of Video Monitoring

CARNIVAL moves to dismiss (actually to strike) a single allegation within Count I, the allegation that CARNIVAL "failed adequately to maintain and/or monitor video cameras in the cafeteria in order to provide a reasonable level of security, detect developing security situations in a timely manner, and intervene in a timely manner." Complaint, D.E. 1 at ¶ 20(d).

First, Mr. SWAIN notes that CARNIVAL in its pending motion does not challenge the validity of Mr. SWAIN's pleading of Count I as a whole, does not argue that Mr. SWAIN has failed properly to plead breaches of duty by CARNIVAL in Count I, and does not even challenge the pleading of various breaches of duty by CARNIVAL in Paragraph 20, subparagraphs (a) through (c) and subparagraphs (e) through (k) of the Complaint. CARNIVAL challenges only one of the eleven factual allegations regarding breach of duty in Paragraph 20. In cases such as the present one where it is conceded or established that the Plaintiff has properly pled at least some breach of duty, a piecemeal striking of isolated allegations explaining some aspects of a defendant's negligence is neither efficient nor favored. *See McLean v. Carnival Corp.*, 2013 U.S. Dist. LEXIS 35395 at ** 13-14, 2013 WL 1024257 (S.D. Fla. Case No. 12-24295-CIV-ALTONAGA/Simonton, March 14, 2013)("While certain of the alleged breaches of Carnival's

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

duty of reasonable care may not adequately state a negligence claim, the Court will not strike the alleged breaches in line-item fashion as Carnival requests."); *Cubero v. Royal Caribbean Crujses, Ltd.*, 2016 U.S. Dist. LEXIS 107657 at *8, 2016 WL 4270216 (CASE NO. 16-CV-20929-GAYLES, August 15, 2016), *citing Holguin v. Celebrity Cruises, Inc.*, 2010 U.S. Dist. LEXIS 43638 at *1, 2010 WL 1837808, (S.D. Fla. Case No. 10-20215-CIV, May 4, 2010) ("[t]he Court will not strike alleged duties from the Complaint in line-item fashion.").

Secondly, as is clear from a reading of the Complaint or Count I as a whole, or even Paragraph 20 in isolation, the principal duty Mr. SWAIN alleges CARNIVAL owed and breached is the duty of reasonable care to passengers, specifically to "maintain and operate the onboard cafeteria on Deck 10 of the M/S ECSTASY in a reasonably safe and secure manner, including taking reasonable steps to prevent, avoid or ameliorate physical altercations such as the altercation resulting in injury to the Plaintiff." [D.E. 1 at ¶ 18]. This includes duties to supervise the activities of passengers patronizing its onboard cafeteria (including Mr. SWAIN at the time of the assaults alleged) and to provide timely intervention while its crewmembers are in the immediate vicinity of a loud altercation between passengers, escalating over a period of minutes, in order to provide reasonable security for those passengers.

In essence, the duty CARNIVAL is alleged in Count I to have breached is the duty to provide reasonable care in the supervision and operation of the cafeteria area of Deck 10 on the ECSTACY, including the duty to take reasonable measures to provide for passenger safety and security. Providing and adequately monitoring video cameras in the onboard cafeteria is one, albeit only one, method of implementing the duty to provide reasonable supervision and security. Thus, the allegations regarding the failures adequately to maintain or monitor cameras in the onboard cafeteria are not allegations of a separate duty, as CARNIVAL erroneously suggests, but

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

merely one of the negligent acts alleged in Paragraph 20 as examples of CARNIVAL's breach of its duty to supervise and provide adequate security to passengers, including Mr. SWAIN, being loudly and violently accosted in the crowded cafeteria on the ECSTACY.  Since the Plaintiff is alleging the failure to monitor cameras merely as one aspect of CARNIVAL's breach of its duty of supervision and security, *not* as a separate duty, the cases CARNIVAL cites limiting the duty to monitor cameras (as a separate duty) are inapposite. *See Cubero*, 2016 U.S. Dist. LEXIS 107657 at **7-8 (declining to dismiss or strike allegations regarding Royal Caribbean's failure to maintain or monitor security cameras onboard its vessel where Cubero had otherwise adequately pled a failure to exercise reasonable care and "whether Royal Caribbean owed [the decedent] specific legal duties is an issue more properly addressed at later stages of the litigation.").  The Court should decline CARNIVAL's invitation to carve out isolated line items from the Complaint and should deny the motion addressed to Count I of the Complaint.

## Vicarious Liability

Count II of the Complaint alleges a claim for vicarious liability against CARNIVAL, specifically a claim that "At all material times, CARNIVAL employed one or more crewmembers on board the M/S ECSTASY for the purpose of operating and supervising passenger activities in the onboard cafeteria on Deck 10 at the time of the incident, including monitoring any security issues arising therein, including onboard security personnel and other cafeteria employees in the immediate area . . ." that those designated crewmembers should have (and/or did) detect the developing altercation, and that the designated crewmembers breached their duties to supervise operations and security by failing to intervene in a timely manner to de-escalate the volatile situation before it manifested into a physical assault on Mr. SWAIN. *See* D.E. 1 at ¶¶ 23, 27-30. CARNIVAL seeks to dismiss Mr. SWAIN's vicarious liability claim, even though the Eleventh

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

Circuit Court of Appeals has recognized that claims for vicarious liability against cruise lines for the negligence of crewmembers are valid and that pleading of notice is not required in vicarious liability claims. *See Yusko v. NCL (Bahamas) Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021)("In short, we hold that a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees.").

CARNIVAL relies on language in *Yusko* which it erroneously argues suggests that pleading of direct liability and notice will still be required in cases involving negligent maintenance of the ship, negligent failure to warn or negligence relating to actions of other passengers. *See* Defendant's Motion at 6-7; *Yusko*, 4 F.4th at 1170; *Quashen v. Carnival Corp.*, 2021 WL 5978472 (S.D. Fla. December 17, 2021)(claim for improper installation of a balcony door involved negligent maintenance and therefore was an exception to *Yusko*); *Britt v. Carnival Corp.*, 2021 U.S. Dist. LEXIS 248263, 2021 WL 6138848 (S.D. Fla. Case No. 1:21-cv-22726-KMM, December 29, 2021)(*Yusko* did not apply where allegation that crewmember negligently mopped a staircase, leaving it wet, was an allegation of negligent maintenance and negligent failure to warn).

The courts of this district in more recent decisions, however, have pointed out that the Eleventh Circuit in *Yusko* also made it clear that an injured cruise line passenger is "the master of … her complaint" who "may choose to proceed under a theory of direct liability, vicarious liability, or both" alternatively, in cases where the factual allegations can plausibly support either type of claim. *Yusko*, 4 F.4th at 1170; Fed. R. Civ. Pro. 8(d)(2)-(3) (parties may plead two or more statements of a claim "alternatively" and "regardless of consistency"); *see Hunter v. Carnival Corp.*, 2022 U.S. Dist. LEXIS 121279 at *12, 2022 WL 2498757 (S.D. Fla. Case No. 22-20236-CIV-ALTONAGA/Torres, July 1, 2022)(distinguishing *Britt* - the statements in *Yusko* concerning

claims for negligent maintenance and negligent failure to warn do not "give courts license to recast passengers' vicarious liability claims as negligent maintenance claims. To the contrary, it requires taking a plaintiff's claims as they are while also recognizing that a plaintiff will not always be able to plead a vicarious liability claim plausibly and in good faith."); *Hostert v. Carnival Corp.*, 2022 U.S. Dist. LEXIS 143132 at *13 (S.D. Fla. Case No. 21-cv-23701-COOKE/DAMIAN, August 10, 2022)(following *Hunter*; Hostert could proceed with her vicarious liability claim based on negligent crewmembers' failures adequately to clean and dry a slippery deck even though her direct liability claims for negligent maintenance of the deck and negligent failure to warn were not adequately pled; the vicarious liability claim for crewmember negligence in cleaning and drying "is not a premises liability claim.").

In this case, Mr. SWAIN does not allege any failure to maintain CARNIVAL's physical vessel or any failure to warn regarding the physical vessel, so cases such as *Quashen* and *Britt* are inapposite. As explained above, the alleged breach of duty involves the failure adequately to train, staff, supervise and to provide reasonably adequate security for the safety of passengers at the time and place where Mr. SWAIN was assaulted. This is a duty that CARNIVAL could, and in this case did, breach both directly (through its negligent operation and security presence) and vicariously (through the negligence of the crewmembers assigned to supervise and provide security in the cafeteria). *Yusko, Hunter*, and *Hostert* apply and, as "the master of … her complaint" Mr. SWAIN "may choose to proceed under a theory of direct liability, vicarious liability, or both," as he has done in this case. *Yusko*, 4 F.4th at 1170.

CARNIVAL also objects that Mr. SWAIN, while alleging that CARNIVAL employed crewmembers onboard the ECSTACY for the specific purpose of "operating and supervising passenger activities in the onboard cafeteria on Deck 10 at the time of the incident, including

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

monitoring any security issues arising therein . . ." has somehow not alleged with specificity the negligent crewmembers for which CARNIVAL is vicariously liable. *See* DE 11 at ¶¶ 23-31. A claim for vicarious liability, however, while presumably requiring the negligent crewmembers to be identified sufficiently for the cruise line to ascertain their identities from its records, does not require that they initially be identified by their exact names rather than by their role or task on the ship. *Elardi v. Royal Caribbean Cruises,* Case No. 19-25035-GRAHAM, 2021 U.S. Dist. LEXIS 254791 at **12-13 (S.D. Fla. December 2, 2021)(it is sufficient for a claim of vicarious liability that the negligent act or omission can be attributed to "an employee" of the cruise line; it "defies common sense" to allow the cruise line to avoid vicarious liability "by simply withholding or not ascertaining the 'specific' identity of the employee … ."); *Cisneros v. Carnival Corp.*, No. 1:19-CV-24155-JLK, 2022 WL 2181567, at *3 (S.D. Fla. May 26, 2022) ("While Plaintiff does not allege a particular employee negligently prepared his food, the **allegations of a date, and location of the incident is sufficient for Plaintiff to determine a particular employee during discovery**")(emphasis added); *Green v. Carnival Corp.*, 2022 U.S. Dist. LEXIS 122478, 20 at **18-19, 22 WL 2702789 (S.D. Fla. Case No. 22-cv-20192-BLOOM/Otazo-Reyes, July 11, 2022)("The Court is unaware of any legal authority that requires the plaintiff to allege the names of the employees who were negligent at this stage of the proceedings").

Indeed, in *McLean v. Carnival Corp.*, Civil Action No. 22-23187-Civ-Scola, 2023 U.S. Dist. LEXIS 11538 (S.D. Fla. Jan. 23, 2023), this Court recently denied CARNIVAL's motion to dismiss the plaintiff's vicarious liability claim where a passenger who tripped and fell on a misaligned gangway identified the defendant's negligent crewmembers merely as "employees who were operating the gangway." *McLean* 2023 U.S. Dist. LEXIS 11538 at *1. This Court reasoned that it is unnecessary for a plaintiff to specify the names of the crewmembers for whose acts or

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

omissions the cruise line may be vicariously liable, and it would be unfair to impose such an often unrealistic requirement:

> While the Plaintiff does not specifically name the crewmembers, there is no requirement in the law that she do so, and it would seem fundamentally unfair to require the Plaintiff to remember the names of each of the crewmembers involved in the incident simply to file a complaint. There were, undoubtedly, specific crewmembers involved in the incident that the Plaintiff alleges. The Plaintiff's allegations are not general allegations of a failure to maintain a safe premises. *See Yusko*, 4 F.4th at 1167. These specific allegations are sufficient to plead a claim for vicarious liability rather than Carnival's direct negligence. *See id*.

*Id*. at *8. See also *Hunter*, 609 F. Supp. 3d at 1311 n.3 (explaining the allegations would enable defendant to identify the employee during discovery).

Mr. SWAIN has specified that it was those crewmembers specifically responsible for supervising cafeteria operations and security at the time and place in question who owed Mr. SWAIN a duty of care (including but not limited to known crewmembers who Mr. SWAIN alleged were present in the immediate area observing the altercation escalate over a period of minutes but did not intervene), that *those* specific crewmembers breached their duties of reasonable care, and that Mr. SWAIN's injuries were proximately caused by *their* negligent acts or omissions. Mr. SWAIN's Complaint provides, in relevant part:

> 14. On the night of June 10, 2022, Plaintiff and his traveling companion were in the interior cafeteria area on Deck 10 of the M/S ECSTASY, waiting in line for food. A group of approximately four unidentified males who were fellow passengers initiated a verbal altercation, threatening violence first with Plaintiff's companion and then with the Plaintiff. After a few minutes, the group of passengers physically attacked Plaintiff, resulting in injuries to the Plaintiff as described in Paragraph 16 below. **There was a nearby CARNIVAL security guard present throughout the altercation, who failed to intercede or otherwise intervene in the verbal and physical attack on Plaintiff**.
>
> 15. At all material times, CARNIVAL had actual and/or constructive notice of the events described in the preceding paragraph and the resulting risk of injury to the passengers involved in the altercation, including Plaintiff. The verbal phase of the altercation lasted for a few minutes before it escalated to a physical altercation, thereby providing CARNIVAL with ample time to undertake corrective measures

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

before the verbal altercation turned into a physical attack. **The verbal altercation was loud and persistent enough that it drew the attention of fellow passengers and of nearby CARNIVAL crew members and security guards in the cafeteria, both in the area where the Plaintiff, his companion and the unidentified passengers were arguing, and at nearby food stations and areas, who observed the verbal altercation but failed timely to intervene or to summon additional CARNIVAL personnel to intervene before the verbal confrontation escalated into a physical attack**.

\* \* \*

23. At all material times, CARNIVAL employed one or more crewmembers on board the M/S ECSTASY for the purpose of **operating and supervising passenger activities in the onboard cafeteria on Deck 10 at the time of the incident, including monitoring any security issues arising therein, including onboard security personnel and other cafeteria employees in the immediate area described in Paragraph 14**.

24. At all material times, the CARNIVAL **employees and crewmembers referenced in the preceding paragraphs owed a duty to passengers** onboard the M/S ECSTASY, including the Plaintiff, to exercise reasonable care for passengers onboard its vessel, including the duty to exercise reasonable care for passenger security and safety, which in turn included the duty to exercise reasonable care in monitoring passenger activities so as to intervene in a timely and effective manner when security issues arose.

\* \* \*

28. At all material times, the CARNIVAL crewmembers or employees assigned to supervise operations and security in the onboard cafeteria on Deck 10 of the M/S ECSTASY, as described in Paragraph 23, if exercising reasonable care in the operation and supervision of the cafeteria, would or should have upon detecting the verbal altercation described above, **intervened in a timely manner to de-escalate, prevent, or terminate the verbal altercation before it escalated** to a physical confrontation.

29. Alternatively, the CARNIVAL crewmembers or employees assigned to supervise operations and security in the onboard cafeteria on Deck 10 of the M/S ECSTASY, as described in Paragraph 23, if exercising reasonable care in the operation and supervision of the cafeteria, **would or should have summoned sufficient onboard security personnel to intervene in a timely manner** to deescalate, prevent, or terminate the verbal altercation before it escalated to a physical attack.

30. At all material times, the CARNIVAL crewmembers or employees assigned to supervise operations and security in the onboard cafeteria on Deck 10 of the M/S ECSTASY failed adequately or timely to monitor passenger activities in the onboard cafeteria on Deck 10 of the M/S ECSTASY, **failed adequately and timely to detect developing security issues such as the ongoing verbal altercation described in Paragraphs 14, and failed to intervene in a timely manner to de-**

9

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

**escalate or terminate the verbal altercation before it escalated to a physical attack**.

[D.E. 1 at ¶¶ 14, 15, 23, 24, 28-30] (emphasis added).

As demonstrated above, Mr. SWAIN goes above and beyond in identifying the crewmembers who breached their duties while working in furtherance of the business of CARNIVAL's cruise ship, sets forth precisely how those crewmembers breached their duties, and alleges that CARNIVAL was vicariously liable for their negligent acts or omissions. This is wholly distinct from Count I of Mr. SWAIN's Complaint, wherein Mr. SWAIN pleads a direct liability count against CARNIVAL in connection with the incident and references the factual details pled in Paragraph 15 to allege the notice element required under a theory of direct liability.

CARNIVAL suggests that Mr. SWAIN's claim for vicarious liability must be limited only to one crewmember specifically identified in his Complaint, a security guard who observed the escalating altercation and failed to intercede. However, as demonstrated above, Mr. SWAIN allegations need not be so limited. In addition to the security guard, Mr. SWAIN's count for vicarious liability includes other crewmembers responsible for operations and monitoring security at the time and place where Mr. SWAIN was assaulted, who also observed or should have observed the developing altercation and who also failed to intervene.

The universe of crewmembers assigned to supervise and provide security in the cafeteria on the ECSTACY at the time of the events alleged in the Complaint is likely small, and CARNIVAL should be able easily to ascertain the names of those crewmembers from its records. In any event, identifying the negligent crewmembers as being those assigned to and responsible for monitoring the area to detect and take steps to intervene or de-escalate volatile altercations between passengers in the onboard cafeteria of the ECSTACY at the material time, as Mr. SWAIN has done in his Complaint, is more than sufficient as a reasonable identification of specific

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

responsible crewmembers. CARNIVAL's motion to dismiss Count II should be denied. Alternatively, to the extent this Court determines that Mr. SWAIN's pleading is defective, the Court should grant Mr. SWAIN leave to amend his complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2023, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Nicholas I. Gerson*
Nicholas I. Gerson, Esq.
Florida Bar No. 20899
ngerson@gslawusa.com
filing@gslawusa.com
GERSON& SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:(305) 371-6000
Facsimile:(305) 371-5749

CASE NO.: 23-cv-22973-SCOLA/GOODMAN

# **SERVICE LIST**

Swain v. Carnival Corporation
CASE NO.: 23-cv-22973-SCOLA/GOODMAN

| | |
|---|---|
| Philip M. Gerson, Esq.<br>pgerson@gslawusa.com<br>filing@gslawusa.com<br>Nicholas I. Gerson, Esq.<br>ngerson@gslawusa.com<br>Edward S. Schwartz, Esq.<br>eschwartz@gslawusa.com<br>David L. Markel, Esq.<br>dmarkel@gslawusa.com<br>Shannon Crosby, Esq.<br>scrosby@gslawusa.com<br>Brandon P. Volk, Esq.<br>bvolk@gslawusa.com<br>Gerson & Schwartz, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone:(305) 371-6000<br>Facsimile:(305) 371-5749<br>***Attorneys for Plaintiff*** | WILLIAM R. SEITZ<br>wseitz@maselaw.com<br>GARRETT P. KEANE<br>gkeane@maselaw.com<br>MASE SEITZ BRIGGS, P.A.<br>2601 South Bayshore Drive<br>Suite 800<br>Miami, Florida 33133<br>Tel.: (305) 377-3770<br>Fax: (305) 377-0080<br>***Attorneys for Defendant*** |

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com