United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Derrick Swain, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-22973-Civ-Scola |
| Carnival Corporation, dba | ) |
| Carnival Cruise Lines, Defendant. | ) |

**Order Denying Motion to Dismiss**

Plaintiff Derrick Swain seeks to recover for injuries he sustained when he was physically attacked by other passengers on a ship owned by Defendant Carnival Corporation, doing business as Carnival Cruise Lines. (Compl., ECF No. 1.) In his complaint, Swain sets forth claims for both direct negligence (count one) as well as vicarious liability premised on Carnival's employees' negligence (count two). (*Id.*) Carnival, in response, argues the Court should (1) "dismiss" or strike Swain's allegation that Carnival failed to monitor its ship's video cameras; and (2) dismiss Swain's count for vicarious liability. (Def.'s Mot., ECF No. 11.) Swain opposes Carnival's motion, as to both grounds (Pl.'s Resp., ECF No. 12), to which Carnival has replied (Def.'s Reply, ECF No. 13). After careful review, the Court **denies** Carnival's motion (**ECF No. 11**).

1. **Background**[1]

In June 2022, Swain was a passenger aboard Carnival's ship, the *Ecstasy*. (Compl. ¶ 14.) While waiting in line for food one night, at an interior cafeteria, he and his traveling companion were approached by four other passengers. (*Id.*) These four unidentified males initiated a loud verbal altercation, first threatening Swain's companion and then Swain himself. (*Id.* ¶¶ 14, 15.) After a few minutes, the verbal exchange escalated and the group of four physically attacked Swain. (*Id.* ¶¶ 14, 15.) As a result of the attack, Swain's shoulder was fractured and he sustained various lacerations to his head and face, among other injuries. (*Id.* ¶¶ 5, 14, 16.)

Throughout the entire altercation, a Carnival security guard was nearby but failed to intervene during either the verbal or physical phases of the attack. (*Id.* ¶ 14.) Additionally, the verbal portion of the fray was "loud and persistent"

---

[1] This background is based on the allegations in Swain's complaint. For purposes of evaluating Carnival's motion, the Court accepts Swain's factual allegations as true and construes the allegations in the light most favorable to him per Federal Rule of Civil Procedure 12(b)(6).

enough that it drew the attention of fellow passengers and other nearby Carnival crew members and security guards in the cafeteria, both in the same area as well as at nearby food stations and other areas. (*Id.* ¶ 15.)

Swain seeks to hold Carnival responsible for his injuries, both directly as well as vicariously through the negligence of its employees.

### 2. Legal Standard

A court considering a motion to dismiss, filed under Rule 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if it fails to nudge its "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

#### A. The Court declines to strike or "dismiss" Swain's allegation that Carnival failed to monitor its video cameras.

Carnival complains that Swain alleges "purported duties that are not legally recognized and should therefore be stricken" or dismissed. (Def.'s Mot. 7–8.) In particular, Carnival takes issue with Swain's allegation that Carnival "failed to monitor the video cameras." (*Id.* 7 (citing Compl. ¶ 20(d).) In support, Carnival points to various opinions from this district where the Court has purportedly found that "cruise lines do not have a duty to monitor cameras aboard their vessels." (Def.'s Mot. 7.) Whether a shipowner has that duty or not, the Court declines Carnival's invitation to decide the issue, within the context of Swain's allegations, at this point of the litigation.

First, Carnival fails to present any legal authority supporting its position that the Court should strike (or dismiss) a subset of allegations within a claim, in piecemeal fashion, where the complaint, in addition to setting forth a viable negligence claim, also references, within that claim, duties that may not themselves be explicitly recognized. *See Holguin v. Celebrity Cruises, Inc.*, 10-20215-CIV, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010) (Altonaga, J.)

(declining to strike "in line-item fashion" alleged duties purportedly not owed to the plaintiffs). Second, and perplexingly, in addition to citing one case where the Court found no duty to monitor cameras on a motion to dismiss—*Mizener v. Carnival Corp.*, 05-22965-CIV, 2006 WL 8430159, at *3 (S.D. Fla. June 16, 2006) (Cooke, J.)—Carnival also cites, but mischaracterizes, two other cases where the Court *denied* defendant shipowners' motions to strike or dismiss such allegations—*L.A. by & through T.A. v. Royal Caribbean Cruises, Ltd.*, 17-CV-23184, 2018 WL 3093548, at *2 (S.D. Fla. June 22, 2018) (Gayles, J.) (finding the duty to monitor surveillance cameras adequately alleged where "[the plaintiff] alleges [the shipowner] advertised the safety measures aboard its vessel and that [the plaintiff] relied on the cruise ship's surveillance cameras") and *Cubero v. Royal Caribbean Cruises Ltd.*, 16-CV-20929, 2016 WL 4270216, at *3 (S.D. Fla. Aug. 15, 2016) (Gayles, J.) (finding that "whether [the shipowner] owed [the plaintiff] specific legal duties is an issue more properly addressed at later stages of the litigation"). And, finally, in any event, Carnival fails to supply controlling case law that would require the Court to conclude that Swain is precluded from basing his negligence claim, at least in part, on Carnival's failure to monitor surveillance cameras in this case.

Accordingly, without passing on the viability of the theory, the Court declines to strike or dismiss Swain's allegation that Carnival had a duty to monitor surveillance cameras in the cafeteria area where Swain was attacked.

### B. Carnival fails to persuade that Swain's vicarious-liability claim should be dismissed.

Next, Carnival complains that Swain's vicarious-liability claim is really just a direct-negligence claim and should be dismissed for failing to allege notice. (Def.'s Mot. 8–10.) Additionally, says Carnival, Swain's purported vicarious-liability claim is also defective because—"other than a single reference to a Security Officer who was in the area"—it fails to specify which crewmembers in particular were negligent. (*Id.* 10–11.) The Court finds Carnival's arguments unavailing.

As both parties are by now well aware, "a passenger cannot succeed on a [direct] maritime negligence claim against a shipowner unless that shipowner had actual or constructive notice of a risk-creating condition." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021). This notice requirement, however, falls away when a passenger seeks to proceed against a shipowner under a theory of vicarious liability. (*Id.*) This is because, in proceeding against a shipowner based on vicarious liability, a plaintiff seeks to hold that shipowner liable, not for its own conduct, but rather for the conduct of its

employee, acting within the scope of employment. (*Id.* at 1169.) "In other words, an employer can be held liable under a vicarious liability theory even if it has not violated any duty at all." *Id.* Accordingly, whether the shipowner itself had notice of the applicable danger becomes irrelevant.

Concerned that Swain is simply trying to circumvent the oftentimes onerous notice requirement in these kinds of cases, Carnival complains that Swain has simply slapped a vicarious-liability-claim disguise on what is really, underneath, a direct-negligence claim. While it certainly may be true, as Carnival surmises, that Swain hopes to avoid having to establish notice by pleading a vicarious-liability claim, that goal alone does not render his claim defective. Indeed, even Carnival acknowledges that count two "explicitly alleges vicarious liability for negligence by crewmembers in monitoring a passenger area and intervening in a verbal altercation." (Def.'s Mot. 9.) Reviewing Swain's complaint confirms that this is so as he sets forth straight-forward allegations implicating Carnival's employees' negligence rather than Carnival's direct negligence. For example, Swain maintains that the *employees and crewmembers* had a duty to intervene when security issues arose (Compl. ¶ 24); one Carnival security guard in particular was nearby, throughout the entirety of the encounter and failed to intervene in the attack (*id.* ¶ 14); there were other crewmembers, including other security guards, in the vicinity who also observed the verbal altercation that preceded the physical attack who also failed to intervene (*id.* ¶ 15); because none of these employees intervened, as Swain says they should have, the verbal exchange escalated into a physical confrontation (*id.* ¶¶ 27–30); and, as a result, Swain sustained serious physical injuries (*id.* ¶ 31). Carnival fails to explain how these allegations, all focused on the negligence of *Carnival's employees*, rather than Carnival itself, amount to what the Court should instead construe as "a direct liability claim imposing direct liability upon Carnival." (Def.'s Mot. 9.) Swain's pleading alternative forms of relief is not, in and of itself, improper: "A plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both." *Yusko*, 4 F.4th at 1170.

Carnival's additional argument, that Swain's vicarious-liability claim is also defective because it "fails to specify which crewmembers were negligent," does not make it out of the gate. As Carnival itself is forced to admit, Swain specifies at least one employee in particular: the security officer who was nearby as the events leading to the attack unfolded. (Def.'s Mot. 10 ("*[O]ther than a single reference to a Security Office who was in the area*[,] Plaintiff fails to specify which crewmembers were negligent.") (emphasis added).) This alone is enough. *See Mclean v. Carnival Corp.*, 22-23187-CIV, 2023 WL 372061, at *3 (S.D. Fla. Jan. 24, 2023) (Scola, J.) ("While the Plaintiff does not specifically

name the crewmembers, there is no requirement in the law that she do so, and it would seem fundamentally unfair to require the Plaintiff to remember the names of each of the crewmembers involved in the incident simply to file a complaint.")[2]

In sum, Carnival fails to persuade that Swain's claim for vicarious liability should be dismissed. Whether Swain's claim is otherwise viable remains to be seen—Carnival points to no other infirmities at this point and the Court declines to independently, upon its own unsolicited review, otherwise test the sufficiency of Swain's pleading.

Finally, the Court notes that, as an apparent afterthought, Carnival alternatively asks the Court to require Swain to amend his complaint to specifically identify all the crewmembers he believes were negligent. But, in doing so, Carnival provides no actual analysis or legal authority supporting its position. Without more then, the Court denies Carnival's cursory request. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.")

### 4. Conclusion

---

[2] Carnival points to two other cases from this Court to support its position: *Hodson v. MSC Cruises, S.A.*, 20-22463-CIV, 2021 WL 3639752, at *13 (S.D. Fla. Aug. 2, 2021) (Goodman, Mag. J), *rep. and rec. adopted,* 20-22463-CIV, 2021 WL 3634809 (S.D. Fla. Aug. 16, 2021) (Moreno, J.) and *Atkinson v. Carnival Corp.*, 20-20317-CIV, 2022 WL 426455, at *8 (S.D. Fla. Feb. 1, 2022) (Otazo-Reyes, Mag. J.), *rep. and rec. adopted in part,* 20-20317-CIV, 2022 WL 405366 (S.D. Fla. Feb. 10, 2022) (Martinez, J.). Carnival relies on these cases to support its argument that Swain's vicarious-liability claim should be dismissed for failing to supply allegations that would identify which particular crewmembers were responsible for his injuries. (Def.'s Mot. 11.) The reliance is misplaced, if not wholly disingenuous. In both those cases, the Court had before it fully developed records on motions for summary judgment. And in both cases the Court found in the shipowners' favor only because the plaintiffs there had failed to come forwarded with evidence raising a genuine issue of material fact supporting their vicarious-liability claims. *See Hodson v. MSC Cruises, S.A.*, 20-22463-CIV, 2021 WL 3639752, at *13 (finding in the shipowner's favor on summary judgment as to vicarious liability because the passenger had "submitted no evidence to prove the essential element of negligence by the purported employee"); *Atkinson*, 20-20317-CIV, 2022 WL 426455, at *8 (finding the passenger had failed to come forward with record evidence "to adequately identify which employee or agent was purportedly responsible for creating the alleged dangerous condition"). That the Court in those two cases took no issue with the sufficiency of the allegations, but rather the sufficiency of the evidence supporting those allegations, undermines Carnival's reliance on them here.

For the reasons set forth above, the Court **denies** Carnival's motion (**ECF No. 11**.) Accordingly, the Court orders Carnival to answer the complaint on or before **February 20, 2024**.

**Done and ordered** in Miami, Florida, on February 9, 2024.

_____
Robert N. Scola, Jr.
United States District Judge